IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELINE D. RICKARD, | |
| Plaintiff, | NO. 3:07-CV-00984 |
| v. | (JUDGE CAPUTO) |
| THE LION BREWERY, INC., | |
| Defendant. | |

**MEMORANDUM**

Presently before the Court is Defendant's motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), or in the alternative to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative to quash for insufficiency of service of process.  (Doc. 8.)  The Court will deny the Defendant's motion because the argument regarding the improper service of the original summons is moot; the Plaintiff properly exhausted her Title VII and state law gender discrimination claims; and the Plaintiff properly plead a claim for disability discrimination pursuant to the Americans with Disabilities Act and state law.

The case is brought under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990.  Subject matter jurisdiction exists under sections 1331 and 1343(a)(4)of Title 28 of the United States Code ("federal question").  The Court also exercises supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**BACKGROUND**

The facts as alleged in Plaintiff's Complaint are as follows.

Plaintiff Jacqueline D. Rickard was hired by the Defendant The Lion Brewery, Inc. ("Lion Brewery") as a Summer helper on March 31, 2001, and became a permanent employee on September 11, 2001. (Am. Compl. ¶ 15, Doc. 6.) On August 24, 2004, the Plaintiff was involved in a car accident, which resulted in neck and back injuries. (*Id.* ¶ 16.) The Plaintiff was unable to work from August 24, 2004 until July 27, 2005 due to these injuries. (*Id.* ¶ 17.) On July 27, 2005, the Plaintiff was released to work in a light duty position by her physician. (*Id.* ¶ 18.) The Plaintiff provided the Defendant with documentation of her medical release. (*Id.*) On August 17, 2005, the Plaintiff provided the Defendant with additional written documentation regarding her ability to work in a light duty position. (*Id.* ¶ 19.) As of July 27, 2005, the Defendant had a light duty position available for a New Glass Pasteurizer. (*Id.* ¶ 20.) Defendant refused to provide Plaintiff with a light duty position. (*Id.* ¶ 21.) In August 2005, the Defendant gave Charles Jones, a male employee, a light duty position after suffering an injury. (*Id.* ¶ 22.) The Defendant did not permit the Plaintiff to return to work until June 17, 2006. (*Id.* ¶ 23.) The Plaintiff alleges counts of gender discrimination pursuant to Title VII, unlawful discrimination pursuant to the Americans with Disabilities Act, and unlawful gender and disability discrimination pursuant to the Pennsylvania Human Rights Act. (*Id.* ¶¶ 24-34.)

Plaintiff Rickard filed her Complaint against Defendant Lion Brewery on April 25, 2007 in the Eastern District of Pennsylvania. (Doc. 1-1.) The Eastern District of Pennsylvania granted the Plaintiff's uncontested motion to transfer the matter to the

Middle District of Pennsylvania on May 22, 2007.  (Doc. 1-2.)  On June 22, 2007, the Plaintiff filed an Amended Complaint.  (Doc. 6.)  The Defendant filed the present motion to dismiss the Amended Complaint on July 2, 2007.  (Doc. 8.)

This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

### I.     Rule 12(b)(2) - Lack of Personal Jurisdiction

Rule 12(b)(2) of the Federal Rules of Civil Procedure permits a motion to dismiss for "lack of jurisdiction over the person."  FED. R. CIV. P. 12(b)(2).  When a party receives a summons which is not signed and sealed by the Clerk of the Court, such a suit is properly dismissed pursuant to Rule 12(b)(2).  *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996).

### II.    Rule 12(b)(6) - Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all of the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  As a result of the *Twombly* holding, Plaintiff must now nudge its claims "across the line from conceivable to plausible" to avoid dismissal thereof.  *Id*.  The Supreme Court noted just two weeks later in *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct.

3

2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam), that *Twombly* is not inconsistent with the language of Federal Rule of Civil Procedure 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Id*. (citing *Twombly*, 127 S.Ct. at 1959 (quoting *Conley*, 355 U.S. at 47)).

There has been some recent guidance from the Courts of Appeals about the apparently conflicting signals of *Twombly* and *Erickson.* The Second Circuit Court of Appeals reasoned that "the [Supreme] Court is not requiring [in *Twombly*] a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original). Similarly, the Seventh Circuit Court of Appeals stated that "[t]aking *Erickson* and *Twombly* together, we understand the Court to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

Until further guidance, this Court will follow the guidance of the Second and Seventh Circuit Courts of Appeals, and apply a flexible "plausibility" standard, on a case-by-case basis, in those contexts in which it is deemed appropriate that the pleader be obliged to amplify a claim with sufficient factual allegations.

4

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

**I.    Insufficient Service of Process**

Federal Rule of Civil Procedure 4(a) states that "The summons shall be signed by

5

the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff." The Third Circuit Court of Appeals has held that the issuance of a summons signed by the Clerk, with the seal of Court, and the time designated when the defendant is to appear and attend, are essential to a court's personal jurisdiction over a defendant. *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568 (3d Cir. 1996). In *Ayres*, the plaintiff never requested the Clerk to issue a summons. *Id.* Instead, the plaintiff prepared the summons and filled it in herself. *Id.* The summons received by the Defendants did not have the signature of the Clerk or the seal of the court affixed to it. *Id.* The Third Circuit Court of Appeals held that the failure of the plaintiff to obtain valid process denied the court of personal jurisdiction. *Id.* at 569. In concluding, the court held that

> a summons not issued and signed by the Clerk with the seal
> of the court affixed thereto fails to confer personal jurisdiction
> over a defendant even if properly served. We further hold that
> a summons when properly issued is not effective in conferring
> personal jurisdiction upon a partnership or individual if it is not
> served in accordance with Rule 4 of the Federal Rules of Civil
> Procedure unless service has been effectively waived.

*Id.*

Similarly, in *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241 (D. Kan. 2004), the court in the District of Kansas held that the court lacked personal jurisdiction over one of the defendants because the summons did not have a copy of the seal and did not state the name and address of the plaintiff. *Id.* at 1256. In *Schroeder*, the court's docket sheet reflected that the summons was issued by the Clerk of the Court. *Id.* However, due to

6

the defective summons, and the fact that the defendant was not personally served, but rather left a copy with clerical personnel at his place of business, the court held that it lacked jurisdiction over the defendant. *Id.*

A harmless error that otherwise gives a defendant proper notice, such as misspelling of a party's name, is clearly amendable *nunc pro tunc* under Rule 4(h). 4C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1088 (2004).  However, the failure to provide a summons that complies with Federal Rule of Civil Procedure 4(a) is not harmless error.

Although it appears that the Defendant was improperly served with a defective summons, the defective summons occurred at the time of service of the Plaintiff's original Complaint in the Eastern District of Pennsylvania.  (Doc. 9 Ex. G-1.)  Plaintiff has since submitted an Amended Complaint, and served a new summons with the Amended Complaint on July 6, 2007.  Defendant does not contend that the July 6, 2007 summons was defective.  As a new summons was issued by this Court in conjunction with the Plaintiff's Amended Complaint, the argument regarding the defective service is moot.

**II.     Gender Discrimination Pursuant to Counts I and III**

The Plaintiff alleges gender discrimination in Counts I and III pursuant to Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Resources Act ("PHRA"). The Defendants allege that these counts should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for failure to exhaust the necessary administrative remedies. However, the Third Circuit Court of Appeals has held that the exhaustion requirement in a Title VII case should be viewed under Federal Rule of Civil Procedure 12(b)(6).  *See*

*Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999).

First, the Court notes that Defendant has attached a copy of Plaintiff's complaint filed with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"), the Notice of Charge, the Notice of Right to Sue, and a letter from the PHRC as exhibits to its Motion. (Doc. 9 Exs. A, B, C.) This Court may review certain matters outside the Complaint when considering a motion to dismiss. *See* FED. R. CIV. P. 12(b)(6). Specifically, the Third Circuit Court of Appeals has ruled that a court may also consider and take judicial notice of "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Ind., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Therefore, I will take notice of Plaintiff's EEOC and PHRC complaint, the Notice of Charge, the Notice of the Right to Sue, and the letter from the PHRC, and continue to treat Defendants' motion as a Motion to Dismiss. (Doc. 9 Exs. A, B, C.)

   A.   Count I - Title VII Claim

Prior to bringing suit for a Title VII claim in a district court, the plaintiff must exhaust his administrative remedies. *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 885 (3d Cir. 1977) (citations omitted). This includes the requirement of filing a charge before the EEOC. *Id*. The relevant test in determining whether the Plaintiff's claims were exhausted is if the acts in the Title VII suit "'are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom.'" *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996) (quoting *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984)).

The EEOC specifies what information should be contained in a complainant's charge in 29 C.F.R. § 1601.12(a).  However, section (b) states that "Notwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of."  29 C.F.R. § 1601.12(b).  Furthermore, the Third Circuit Court of Appeals has held that "the jurisdictional requirements for bringing suit under Title VII should be liberally construed."  *Glus*, 652 F.2d at 887-88 (citations omitted).  The court went on to quote a District of Columbia Court of Appeals case, *Evans v. Sheraton Park Hotel*, 503 F.2d 177, 183 (D.C. Cir. 1974), which held:

> "We do not believe that the procedures of Title VII were
> intended to serve as a stumbling block to the accomplishment
> of the statutory objective.  To expect a complainant at the
> administrative stage, usually without aid of counsel, to foresee
> and handle intricate procedural problems which could arise in
> subsequent litigation, all at the risk of being cast out of court
> for procedural error, would place a burden on the complainant
> which Congress neither anticipated nor intended."

*Glus*, 562 F.2d at 888 (quoting *Evans*, 503 F.2d at 183).

The liberal construction of the complaint at the administrative stage has been reflected in the courts determinations regarding what Courts in the Third Circuit have held that the failure to check a box on the charge form is not necessarily indicative of a failure to exhaust the mandatory administrative remedies.  *See Butterbaugh v. Chertoff*, 479 F. Supp. 2d 485, 499 (W.D. Pa. 2007); *Schouten v. CSX Transp., Inc.*, 58 F. Supp. 2d 614, 616 (E.D. Pa. 1999).  Thus, a claim may be exhausted by the narrative alone, and the failure to check a box does not necessarily equate to a failure to exhaust.   In

9

comparison, the court in *Johnson v. Chase Home Fin.*, 309 F. Supp. 2d 667, 672 (E.D. Pa. 2004) considered whether a complainant had exhausted the administrative remedies by checking a box on the intake questionnaire. On the intake questionnaire, the plaintiff checked off "retaliation" as one of the bases for discrimination. *Id.* However, the court held that the "check" alone in this questionnaire was insufficient to satisfy the exhaustion requirement. *Id.* at 672. The court noted that there was a total absence of any allegations of retaliation in the formal charge. *Id.*

Defendant uses *Spindler v. Se. Pennsylvania Transp. Auth.*, 47 Fed. App'x 92 (3d Cir. 2002) in its argument that the Plaintiff failed to exhaust her administrative remedies. In *Spindler*, the plaintiff first filed a complaint with the PHRC and the EEOC alleging that his discharge was the result of disability discrimination. *Id.* at 93. After the PHRC had dismissed the complaint, the plaintiff alleged that his discharge was a result of racial discrimination. *Id.* However, the PHRC rejected his request, and stated that the case was closed. *Id.* The Third Circuit Court of Appeals noted that the plaintiff failed to allege racial discrimination until after the PHRC's administrative investigation had concluded and after the statutory deadlines. *Id.* at 94. The court specifically noted that in the plaintiff's PHRC questionnaire, the plaintiff "notably marked only 'non-job related handicap/disability.'" *Id.*

In Plaintiff's Amended Complaint, she alleges that she filed a timely written charge of discrimination on or about December 14, 2005 with the Philadelphia office of the EEOC, and cross-filed the charge with the PHRC. (Am. Compl. ¶¶ 12(a), 12(f).) In the Plaintiff's Charge of Discrimination to the EEOC and the PHRA, the Plaintiff checked the

boxes for "sex" and "disability" discrimination.  (Charge of Discrimination, Doc. 9 Ex. A.)  The Plaintiff's description states that "I believe that I have been discriminated against because of my disability."  (*Id.*)  The description further notes that "Charles Jones had an on the job injury on or about August 18, 2005 [and] he was assigned a light duty position in the pasteurizing area."  (*Id.*)  Plaintiff makes no explicit reference to gender or sex discrimination in her narrative.

In this case, there was no "total absence" of an allegation of gender discrimination in the formal charge.  Rather, the Plaintiff checked the box on the charge form indicate a claim for sex discrimination.  She also noted that Charles Jones, presumably a male employee, received a light-duty position subsequent to an injury.  Therefore, the Plaintiff's claims fall "'fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom.'"  *Antol* , 82 F.3d at 1295 (quoting *Waiters*, 729 F.2d at 237).  The Plaintiff's charge is also sufficient in that it identifies the parties, and generally describes the complained of activities.  *See*  29 C.F.R. § 1601.12(b).

The Defendant further argues that exhaustion has not be achieved, as they received a Notice of Charge of Discrimination which stated that employment discrimination charges have been filed pursuant to the Americans with Disabilities Act.  (Notice of Charge of Discrimination, Doc. 9 Ex. B.)  The notice makes no reference to charges based upon sex discrimination.  (*Id.*)

In *McClease v. R.R. Donnelley & Sons Co.*, 226 F. Supp. 2d 695, 704 (E.D. Pa. 2002), the court noted that the Defendants sought to dismiss the Title VII claim because the EEOC failed to serve them with notice of charge prior to the suit, as required by 42

U.S.C. § 2000e-5(b).  The court noted that the only prerequisites to a Title VII claim are: (1) that the Plaintiff filed charges with the EEOC and (2) that the Plaintiff received the EEOC's notice of the right to sue.  *Id.* (citing *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976)).  The court further held that "'[a] Title VII complainant is not charged with the commission's failure to perform its statutory duties.'"  *Id.* (quoting *Russell v. American Tobacco Co.*, 528 F.2d 357, 365 (4th Cir. 1975)).

Similarly, the court in *Evans v. Maax-KSD Corp.*, Civ. A. No. 06-2804, 2006 WL 3488708, at *3 (E.D. Pa. Nov. 30, 2006) held that "[b]ecause the statutory scheme places the responsibility on the EEOC, not a plaintiff, to issue a notice of charge to an employer, the EEOC's failure to do so does not bar Plaintiff from seeking judicial relief."  *Id.* at *3 (citing 42 U.S.C. § 2000e-5(b)).  The court in *DeLaCruz v. Piccari Press*, Civ. A. No. 07-2103, 2007 WL 3145339, at *5 (E.D. Pa. Oct. 24, 2007) agreed that "a plaintiff ought not be held responsible for the EEOC's actions."  *Id.*

In this case, the Plaintiff satisfied the two prerequisites for filing in the district court. She filed charges with the EEOC by checking the box for gender discrimination. Furthermore, she received a notice of right to sue (Doc. 9 Ex. C), which stated that she had a right to sue "under Title VII and/or the ADA based on the above-number charge." The EEOC's failure to give notice to the Defendant is not the fault of the Plaintiff.  As the Plaintiff properly alleged gender discrimination on her Charge of Discrimination form, the fact that the EEOC failed to notify the Defendant of the charge is irrelevant to the exhaustion of the Plaintiff's Title VII claims.

### B.     Count III - Pennsylvania Human Rights Act

The Pennsylvania Human Relations Act ("PHRA") has a similar requirement of exhaustion.  43 PA. CONS. STAT. ANN. § 951 *et seq.; Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917, 919 (Pa. 1989) (holding that the PHRA requires exhaustion of administrative remedies prior to commencing an action in court).  Furthermore, the analysis of whether a plaintiff has exhausted his or her remedies pursuant to the PHRA is identical to the analysis for exhaustion under Title VII.  *Schouten v. CSX Transp., Inc.*, 58 F. Supp. 2d 614, 616 (E.D. Pa. 1999).  The Plaintiff in this case cross-filed her EEOC complaint with the PHRA.  (Doc. 9 Ex. A.)   As stated above, the Plaintiff has exhausted her remedies for a gender discrimination claim pursuant to the Title VII, as a gender discrimination claim is "'fairly within the scope of the prior . . . complaint, or the investigation arising therefrom.'"  *Antol*, 82 F.3d at 1295 (quoting *Waiters*, 729 F.2d at 237).  The Charge of Discrimination form had "sex" checked as one of the forms of discrimination.  (Doc. 9 Ex. A.)  As discussed above, this was sufficient to exhaust her gender discrimination claims pursuant to Title VII by placing the EEOC on notice of a gender discrimination charge.  By cross-filing this same claim with the PHRC, Plaintiff satisfied her exhaustion requirements pursuant to the PHRA.

### III.     Disability Discrimination - Counts II and III

Pursuant to the Americans with Disabilities Act ("ADA"), employers are prohibited against discriminating "against a qualified individual with a disability because of the disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and

privileges of employment." 42 U.S.C. § 12112(a). The ADA defines a "qualified individual with a disability" as one "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

In order to present a prima facie case of discrimination pursuant to the ADA, a plaintiff must allege the existence of three elements. These elements are: (1) that he or she is disabled within the meaning of the ADA; (2) that he or she is otherwise qualified to perform the essential functions of the employment, with or without reasonable accommodations by the employer; and (3) that he or she has suffered an otherwise adverse employment decision as a result of the discrimination. *Gaul v. Lucent Tech., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998) (citing *Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir. 1996)).

First, the Plaintiff must plead that she suffered a disability as defined by the ADA. The ADA defines a "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Major life activities include "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 45 C.F.R. § 84.3.

In her Amended Complaint, the Plaintiff alleges that she is disabled within the meaning of the ADA because she suffered from neck and back injuries. (Am. Compl. ¶¶ 32, 33, Doc. 6.) Plaintiff further plead that these injuries caused the substantial limitation of one or more major life activities. (*Id.*) The Plaintiff asserted in her Amended

Complaint that "Upon her release to work, Plaintiff was restricted by her physician from lifting, running, and jumping." (*Id.* ¶ 20.) At the pleadings stage, the allegation regarding her limitation upon lifting is sufficient to demonstrate that the Plaintiff suffered a disability within the meaning of the ADA. *See Simonetti v. Runyon*, No. Civ. A. 98-2128, 1999 WL 47144, at *5 (D.N.J. Jan. 29, 1999) (holding that a plaintiff's back ailment resulting in the inability to lift greater than five to ten pounds could be considered a substantial limitation on a major life activity). The allegations of running and jumping generally do not constitute a disability within the meaning of the ADA. *See, e.g., Fornes v. Osceola County Sheriff's Office*, No. 604CV1124ORL31DAB, 2005 WL 2012285, at *3 (M.D. Fla. Aug. 17, 2005), *aff'd on other grounds*, 179 Fed. App'x 633 (11th Cir. 2006) (finding that the inability to run did not qualify as a substantial limit on a major life activity). Therefore, Plaintiff's allegation of a substantial limitation of a major life activity may only stand on the basis of her restriction on lifting.

The second part of the test requires that the Plaintiff allege that she is otherwise qualified to perform the essential functions of the employment, with or without reasonable accommodations by the employer. A two-part test determines whether a person is a "qualified individual with a disability." *Gaul*, 134 F.3d at 580. The court must determine if "'the individual satisfies the prerequisites for the position, such as possessing the appropriate educational background, employment experience, skills, licenses, etc.'" and "'whether or not the individual can perform the essential functions of the position held or desired, with or without accommodation.'" *Id.* (quoting 29 C.F.R. pt. 1630, App. at 353-54.) In this respect, the Plaintiff alleges that she was "willing and able to work in the position of New Glass Pasteurizer." (Am. Compl. ¶ 26, Doc. 6.) Thus, Plaintiff has

alleged that a position was available for which she was qualified.  Furthermore, she alleges that "she was able to perform all of her essential job functions with a reasonable accommodation."  (*Id*. ¶ 34.)  Plaintiff further alleged that she was "released to work in a light-duty position."  (Am. Compl. ¶ 19, Doc. 6.)  Defendant argues that because Plaintiff is requesting a different position than the one she had at the time of her injury, she has failed to allege that she can perform the essential functions of the position held.  However, this argument fails.  Plaintiff has alleged that she could perform the job of a New Glass Pasteurizer.  Plaintiff's Amended Complaint essentially alleges that she was qualified for a transfer to a light-duty position, which could be found to be a "reasonable accommodation" within the meaning of the ADA.  *See Geuss v. Pfizer, Inc.*, 971 F. Supp. 164, 174-75 (E.D. Pa. 1996) (discussing when transfer of position may be a reasonable accommodation pursuant to the ADA).  At this stage of the litigation, the Plaintiff has sufficiently plead that she was a qualified individual with a disability.

Finally, Plaintiff alleges that she suffered an adverse employment action because of the discrimination, in that her employer received notice of her ability to work in July of 2005, yet failed to permit a return to work until June 17, 2006.  (Am. Comp. ¶¶ 19, 25, Doc. 6.)  As a result, the Plaintiff suffered lost wages and other benefits.  (*Id.* ¶ 27.)  The Plaintiff has sufficiently plead allegations of the an adverse employment action based upon her disability.  The Defendant argues in its brief that the Plaintiff lacks causation, in that the Plaintiff fails to allege that she has suffered an otherwise adverse employment decision as a result of the discrimination.  The Defendant notes that the Plaintiff alleges that Charles Jones, another employee with an injury, was given the position of New Glass Pasteurizer.  (Am. Compl. ¶ 24, Doc. 6.)  The Defendant therefore contends that Plaintiff

16

failed to allege the requisite causation that the Defendant discriminated against her on account of her disability.  However, the injury suffered by Mr. Jones has not been alleged, and could potentially be a different injury than the one suffered by the plaintiff.  Thus, the Plaintiff may have suffered discrimination based upon the specific injury, rather than discrimination based upon disabilities generally.

In Count III, the Plaintiff also alleges that the Defendant engages in unlawful disability discrimination pursuant to the Commonwealth's Pennsylvania Human Relations Act ("PHRA"), 43 PA. CONS. STAT. ANN. § 951 *et seq*.  The Third Circuit Court of appeals has noted that "[t]he PHRA and the ADA are 'basically the same . . . in relevant respects and 'Pennsylvania courts . . . generally interpret the PHRA in accord with its federal counterparts.'" *Buskirk v. Apollo Metals*, 307 F.3d 160, 166 n.1 (3d Cir. 2002) (citations omitted).  Additionally, the PHRA's definition of "disability" is "substantially identical" to the definition used by the ADA.  *Presta v. Se. Pennsylvania Transp. Auth.*, No. Civ. A. 97CIV2338, 1998 WL 310735 (E.D. Pa. June 11, 1998).  Therefore, this Court will treat the PHRA claim as coextensive of the ADA claim.  The Defendant's motion to dismiss Counts II and III on the basis of disability discrimination will be denied.

## CONCLUSION

For the reasons stated above, the Court will deny the Defendant's motion to dismiss the Complaint.  (Doc. 8.)

An appropriate Order will follow.

November  13 , 2007                               /s A. Richard Caputo
                                                    A. Richard Caputo
                                                    United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JACQUELINE D. RICKARD, | |
| Plaintiff, | NO. 3:07-CV-00984 |
| v. | (JUDGE CAPUTO) |
| THE LION BREWERY, INC., | |
| Defendant. | |

## **ORDER**

**NOW**, this  13th  day of November, 2007, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss the Amended Complaint (Doc. 8) is **DENIED**.

                                                /s/ A. Richard Caputo
                                                A. Richard Caputo
                                                United States District Judge